**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Frank NAJJOR, Defendant—Appellant.**

No. 02–50227.

D.C. No. CR–96–02282–IEG.

United States Court of Appeals,
Ninth Circuit.

---

Submitted April 1, 2003.*

Decided April 3, 2003.

Before GOODWIN, HUG, and PREGERSON, Circuit Judges.

## MEMORANDUM**

In the prior appeal[1] we noted that the district court intended to further consider the restitution order of $2.19 million to Home Federal Insurance Corporation (Home Federal) but lacked jurisdiction to do so because a notice of appeal had been filed. We remanded to the district court in order to afford the district court an opportunity to reassess the restitution order in light of all the evidence. The district has done so and has entered an order of restitution to Home Federal of $1.58 million.[2]

The district court's restitution order is reviewed for abuse of discretion so long as the order is within the statutory framework. *United States v. Nash*, 115 F.3d 1431, 1441–42 (9th Cir.1997). The order is within the statutory framework, and thus we review for abuse of discretion.

A restitution order must be based on losses directly resulting from the defendant's criminal conduct. *United States v. Sablan*, 92 F.3d 865, 870 (9th Cir.1996). The district court, after considering all the evidence, determined that the unpaid balance of the loan from Home Federal was $5.18 million at the time of the foreclosure on the property securing the loan. The price for the property that was bid and accepted at the foreclosure sale was the $3.5 million bid by Home Federal. There were no other bids. This is strong evidence of the fair market value of the property at the time Home Federal took possession of it.

Najjor contends that the value of the property at that time was more than $3.5 million based upon memos and offers that were never consummated. At the public trustees sale, when anyone could offer to pay a higher amount, no such bid was made. Two years later Home Federal sold the property for $3.6 million.

The Government stated its position that either the $3.5 million or $3.6 million would be acceptable as the valuation of the property to be deducted from the $5.18 million loan balance at the time Home Federal took possession of the property. The district court deducted the higher $3.6 million figure which was to the benefit of Najjor.

The district court did not abuse its discretion in relying on actual sale figures in arriving at the appropriate deduction or in calculating the amount of the restitution to Home Federal to be $1.58 million.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. *United States v. Najjor*, 255 F.3d 979 (9th Cir.2001).

2. The order of restitution to Wells Fargo Bank of $396,911 was not contested in the prior appeal and is not an issue in this appeal.